IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESTER J. MUNN, | § | |
| TDCJ No. 620696, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2595-D-BN |
| | § | |
| MICHAEL BATES, Warden, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Lester J. Munn, a Texas prisoner who is not present in this district, asserts claims under the Eighth and Fourteenth Amendments stemming from his prior incarceration at the Texas Department of Criminal Justice (TDCJ) Telford Unit, a prison in Bowie County (in the Texarkana Division of the Eastern District of Texas), and his current incarceration at TDCJ's Hughes Unit, a prison in Coryell County (in the Waco Division of the Western District of Texas). *See* Dkt. No. 3; 28 U.S.C. § 124.

Senior United States District Judge Sidney A. Fitzwater referred Munn's *pro se* complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Munn's allegations fail to identify whether the claims against officials and employees at two separate prisons arise out of the same transaction, occurrence or series of transactions or occurrences, so it is not clear – specifically considering that Munn's claims are subject to screening under the Prison Litigation Reform Act (the PLRA) – that he may pursue the current claims in the same lawsuit. *See* FED. R. CIV.

P. 20(a)(2); *Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam) ("'[T]he creative joinder of actions' by prisoner plaintiffs to avoid the strictures of the [PLRA] should be discouraged." (quoting *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998))); *see also Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027, 1030 (11th Cir. 2015) (per curiam) (A plaintiff's "status as a *pro se* litigant [does] not relieve him of the obligation to comply with Rule 20(a)." (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007))).

Regardless, neither prison is in this district, so venue is not proper here. *See* 28 U.S.C. § 1391(b).

"Where venue is improper, the district court should generally dismiss the case." *Seville v. Maersk Line, Ltd.*, ___ F.4th ____, No. 21-30636, 2022 WL 17076707, at *1 (5th Cir. Nov. 18, 2022). "But the court retains discretion to transfer it to a proper venue if such a transfer would serve 'the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1406(a)); *see also Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) ("[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).").

Transfer of Munn's complaint would not serve "the interest of justice" where the multiple defendants joined in this lawsuit are plausibly located in more than one judicial district and where the allegations do not make clear whether the parties may be properly joined in a single action. *See, e.g.*, *Nunn v. N.C. Legislation*, No. 5:14-CT-3190-FL, 2015 WL 1713885, at *4 (E.D.N.C. Apr. 15, 2015) (recognizing that a

prisoner's unrelated claims "against defendants at several different correctional facilities" implicated Rule 20(a)(2) and dismissing those defendants outside that federal judicial district without prejudice under Section 1406(a)).

## Recommendation

The Court should dismiss this action without prejudice under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE